UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES L. GARAVAGLIA,** *et al* | 2:18-CV-12061-TGB-MKM |
| Plaintiff, | |
| vs. | **ORDER ADMINISTRATIVELY CLOSING CASE** |
| **UNITED STATES OF AMERICA – INTERNAL REVENUE SERVICE,** | |
| Defendant. | |

    This is a long-standing case that began in 1996, when Plaintiffs were investigated on tax and fraud charges and eventually audited twice by the Internal Revenue Service. In the course of the second audit, the IRS reversed its initial findings and gave notice to the Garavaglias that they owed significant back taxes. Attempting to challenge this notice of deficiency, the Garavaglias sought business records that they believed to still be in the position of the IRS. A *Bivens* lawsuit in 2014 revealed that the IRS did, in fact, still possess some boxes of their records.

    On July 13, 2017, Plaintiffs filed a Freedom of Information Act request seeking (1) "copies of all exam notes, files and records" related to

the audit of their 1989 and 1990 individual income taxes, and (2) any additional boxes of their financial records that had not been disclosed but that the IRS still had in its possession. Plaintiffs eventually filed this lawsuit to compel a response to their FOIA request. ECF No. 1.

Since then, the Parties have been engaged in production. At a November 23, 2020 teleconference with the Court, counsel for both sides indicated that the IRS was in the process of producing records in response to the first FOIA request, but that the parties were still attempting to determine the scope of the second request. The Court ordered the Parties to try to reach an agreement as to the scope of the second request and to file a joint status report within three months indicating their progress. As of February 18, 2021, the Parties have represented that production in response to the first request is complete and that the IRS has been making and will continue to make monthly releases of documents in response to the second request until it is also complete. ECF No. 25.

In light of the fact that this matter has been pending for a significant period of time, and considering that the parties are cooperating effectively and the IRS is continuing to produce the requested documents, but that there is uncertainty as to how long it will take the IRS to finish doing so, the Court will exercise its authority to close the case for administrative convenience. *See, e.g.*, *Gordon v. Royal Palm Real Est. Inv. Fund I, LLP*, No. 09-11770, 2013 WL 12420136, at *1 (E.D. Mich. Oct. 24, 2013); *Moore v. Parris*, No. 1:14-CV-01162-JDB,

2015 WL 5564729, at *3 (W.D. Tenn. Sept. 21, 2015) ("To administratively close a case merely means to close a case for statistical purposes in the office of the District Court Clerk and the Administrative Office of the United States Courts.").

The Court retains jurisdiction for the purposes of enforcing the final resolution of the production request. This closure does not affect or end the IRS' continued obligation to produce records in response to the second request. The Parties should notify the Court through a joint filing if they are able to resolve the case after production is complete. If the Parties are unable to resolve the case within sixty days of the IRS' completed production of documents, the Court will entertain a motion to re-open the case. The Court emphasizes as it did at its previous teleconference that the IRS should continue to give full attention to this matter and assign sufficient staff to resolve it as quickly as possible.

Accordingly, it is hereby **ORDERED** that this case be **ADMINISTRATIVELY CLOSED**. Nothing in this Order shall be considered a dismissal or disposition of this matter.

**SO ORDERED** this 21st day of July, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

3